## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP JEWELL SR., | JURY TRIAL DEMANDED |
| Plaintiff, | Civ. No. _____ |
| v. | |
| UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Philip Jewell Sr., by and through his counsel, Mobilio Wood, files the instant Complaint against Defendant, Universal Protection Service, LLC d/b/a Allied Universal Security Services, averring in support thereof as follows:

### Introduction

1.      This cause of action arises out of Plaintiff Philip Jewell Sr.'s ("Plaintiff") former employment with Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Defendant" or the "Company").

2.      Throughout Plaintiff's tenure with Defendant, Defendant paid Plaintiff a significantly lower hourly rate than his similarly situated and substantially younger coworkers, despite Plaintiff being at least – if not more – qualified than those substantially younger coworkers.

3.    Plaintiff asserts claims and seeks monetary damages for age

discrimination, in violation of the Age Discrimination in Employment Act of 1967,

as amended, 29 U.S.C. § 621 *et seq* ("ADEA").

**Parties**

4.    Plaintiff Philip Jewell Sr. is an adult individual and former employee

of Defendant.

5.    Defendant Universal Protection Service, LLC d/b/a Allied Universal

Security Services is a leading security and facility services company, and

maintained an office located inside of the Wyoming Valley Mall, 29 Wyoming

Valley Mall, Wilkes-Barre Township, Pennsylvania 18702, at all times relevant

and material herein.

6.    At all times relevant and material herein, Defendant acted by and

through its ostensible and/or actual agents, servants, workmen and/or employees.

**Jurisdiction and Venue**

7.    This Court has jurisdiction over Plaintiff's claims in accordance with

28 U.S.C. § 1331 because this civil action arises under a law of the United States

and seeks redress for violations of a federal law.

8.    This Court may properly maintain personal jurisdiction over

Defendant because Defendant's contacts with this Commonwealth and this judicial

district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

9.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

**Exhaustion of Administrative Remedies**

10.      On May 17, 2022, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") against Defendant, alleging that Defendant unlawfully discriminated against him on the basis of his age, in violation of the ADEA and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

11.      More than sixty (60) days have elapsed since Plaintiff filed his Charge of Discrimination with the EEOC.[1]

---

[1] Plaintiff intends to file a motion for leave to amend the instant Complaint to assert claims for violation of the PHRA against Defendant following the expiration of 12 months from the date of dual-filing his Charge of Discrimination with the PHRC.

**Factual Allegations**

12.    Plaintiff is seventy-nine (79) years old.

13.    Plaintiff was hired by Defendant as a security professional in June 2019, and was staffed at the Wyoming Valley Mall, located in Wilkes-Barre Township, Pennsylvania.

14.    Plaintiff's colleagues who also worked as security professionals were all at least fifteen (15) years younger than Plaintiff.

15.    Plaintiff's initial rate of pay was $10.00 per hour.

16.    In or around October 2019, Plaintiff received a pay raise to a rate of $10.25 per hour.

17.    Plaintiff was paid $10.25 per hour for the duration of his employment with Defendant.

18.    Plaintiff had no significant disciplinary history throughout his tenure with Defendant.

19.    Plaintiff is certified in both CPR and First Aid, which certifications certain of his colleagues did not possess.

20.    Plaintiff also holds a FEMA Workplace Security Awareness certificate, which certificate certain of his colleagues again did not possess.

21. Throughout the duration of Plaintiff's employment, Defendant paid Plaintiff's substantially younger coworkers a higher rate of $13.00 per hour, or more.

22. Defendant similarly offered new, substantially younger security professionals a starting pay rate of $13.00 per hour.

23. Many of the newly hired, substantially younger security professionals were less experienced than Plaintiff, and numerous newly hired security professionals repeatedly quit their employment after a matter of days or weeks; yet Defendant continued to offer new substantially younger security professionals a starting rate of approximately $2.00 more per hour than Plaintiff.

24. Plaintiff learned of his substantially younger colleagues' pay rates through conversations with them, and also from observing certain documents.

25. Plaintiff repeatedly complained to his immediate supervisor, Marcus Stewart ("Stewart"), that his younger, less experienced, colleagues were being paid a higher rate of pay than him.

26. Stewart repeatedly advised Plaintiff that he was "looking into it," but at no point did Defendant increase Plaintiff's rate of pay above $10.25 per hour.

27. On or around August 27, 2021, Kohan Retail Investment Group, and/or its wholly-owned subsidiary Wyoming Valley Mall Realty Holding LLC,

purchased the Wyoming Valley Mall, and terminated Defendant's security services contract with the mall.

## COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

28.    Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

29.    At all times relevant and material herein, Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

30.    At all times relevant and material herein, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b), and employed twenty (20) or more persons.

31.    The ADEA provides that is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ."  29 U.S.C. § 623(a).

32.    At all times relevant and material herein, Plaintiff was qualified for the position of security professional.

33.    In fact, Plaintiff had no significant disciplinary history throughout his tenure with Defendant, is certified in CPR and First Aid, and holds a FEMA Workplace Security Awareness certificate.

34. Many of Plaintiff's substantially younger colleagues did not possess the foregoing certifications.

35. Despite Plaintiff's qualifications, Defendant paid Plaintiff a significantly lower hourly rate than his similarly-situated, substantially younger, colleagues.

36. Through its conduct, Defendant willfully violated the ADEA.

37. Defendant acted with reckless indifference to Plaintiff's rights under the ADEA, warranting an award of liquidated damages.

38. As a result of Defendant's conduct, Plaintiff has been harmed.

<strong><u>Prayer for Relief</u></strong>

**WHEREFORE**, Plaintiff prays that a judgment be entered in his favor and against Defendant in the following respects:

a) An order awarding back pay and front pay;

b) An order awarding liquidated damages;

c) An order awarding attorneys' fees and costs;

d) An order awarding pre-judgment and post-judgment interest; and

e) All other relief as the Court deems just and equitable.

<strong><u>Jury Demand</u></strong>

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Date:  8/2/2022            BY:   */s/ Peter C. Wood, Jr.*
                                Peter C. Wood, Jr., Esq. (I.D. No. 310145)
                                **MOBILIO WOOD**
                                900 Rutter Ave., Box 24
                                Forty Fort, PA 18704
                                Phone: (570) 234-0442
                                Fax: (570) 266-5402
                                peter@mobiliowood.com

                                *Counsel for Plaintiff Philip Jewell Sr.*